IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Akeem Jamal Edwards, | ) | Case No. 9:21-cv-01113-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Hutchinson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On August 24, 2021, the Magistrate Judge issued a Report recommending that the Petition be dismissed without leave to amend and without requiring Respondent to file a return. ECF No. 12. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 15.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Generally, Petitioner requests credit for time spent in "official detention" from July 15, 2013, through January 18, 2017. This is the second such action filed by Petitioner requesting credit for the same time period. In Petitioner's prior action, the undersigned granted summary judgment in favor of Respondent. *See Edwards v. Hutchinson*, C/A No. 9:19-cv-02785-DCC, 2020 WL 1872371 (D.S.C. Apr. 15, 2020).

The Magistrate Judge recommends dismissal of the present Petition because it is successive. In his objections, Petitioner argues the merits of his request and does not address whether it is a second or successive Petition. While Petitioner has not addressed the Report, out an abundance of caution for a pro se Petitioner, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

A comparison of this Petition with Petitioner's previously filed § 2241 Petition reveals that he is arguing the same grounds for relief.[1] The Court notes that, as addressed by the Magistrate Judge, § 2244(a) does not expressly apply to habeas cases filed under § 2241; however, several circuit and district courts have held that this statute bars a second § 2241 petition where the grounds raised in the second petition have been raised and denied in a prior § 2241 proceeding. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1350, 1352 (11th Cir. 2008) (affirming the district court's dismissal of a § 2241 petition as successive where the petitioner "alleg[ed] he was denied certain credits toward his sentence to which he was entitled" and the petitioner had previously filed a § 2241 petition raising the same grounds for relief, which had been denied on the merits); *Queen v. Miner*, 530 F.3d 253, 254–55 (3d Cir. 2008) (discussing that § 2244(a) barred a petitioner's successive § 2241 petition, in which he sought to challenge the same institutional conviction he challenged in a prior § 2241 petition); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (noting that "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); *McLean v. Warden, FCI Estill, ex rel. U.S.*, No. CIV.A. 9:13-3022-MGL, 2014 WL 4954882, at *2 (D.S.C. Sept. 30, 2014), *aff'd sub nom. McLean v. Warden, FCI Estill*, 599 F. App'x 78

---

[1] Though not specifically addressed in the objections, to the extent Petitioner argues that the undersigned's prior order failed to address each time period raised here, the Court incorporates by reference the Magistrate Judge's discussion on pages five through 7 of the Report.

(4th Cir. 2015) (dismissing the petition as successive). The undersigned agrees with these courts and the Magistrate Judge and finds that, as Petitioner has raised the same claims for a second time, the Petition in this case is subject to dismissal as successive.[2]

Accordingly, upon de novo review of the Report, the record, and the applicable law, the Court adopts the recommendation of the Magistrate Judge. The Petition is **DISMISSED** without leave to amend[3] and without requiring Respondent to file a return.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 12, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The Magistrate Judge further recommended dismissal based on the "abuse of the writ" doctrine. While the Court finds that the current Petition should be dismissed as successive, in the alternative, the Court agrees with the Magistrate Judge's discussion of the "abuse of the writ" doctrine.

[3] The Magistrate Judge previously afforded Petitioner an opportunity to correct the deficiencies in the petition by filing an amended petition. Petitioner failed to file an amended petition.